United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Liora Samandarova, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-22787-Civ-Scola |
| Hookah Exotix LLC, and others, | ) |
| Defendants. | ) |

### Order Imposing Sanctions for Noncompliance with Pretrial Procedures

This matter comes before the Court on the Plaintiff's third notice of Defendant Alexandre Arkhipov's noncompliance with the Court's pretrial procedures. (ECF No. 22.) Defendant Arkhipov has failed to comply with three separate court orders by failing to timely respond to the Plaintiff's statement of claim, which the Court (most recently) required Defendant Arkhipov to complete no later than January 13, 2023. (Order Requiring Discovery and Scheduling Conference, ECF No. 4; Order Directing Compliance with Pretrial Procedures, ECF No. 18; Second Order Directing Compliance with Pretrial Procedures, ECF No. 20.) Because the Court finds that sanctions are appropriate, and no other sanctions will suffice to ensure compliance with its orders, the Court **strikes** Defendant Arkhipov's answer and affirmative defenses (**ECF No. 10**) and **directs** the Plaintiff to seek entry of a Clerk's default against the Defendant.

1. **Background**

Plaintiff Liora Samandarova filed her complaint in this matter on September 1, 2022, asserting, among other claims, violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 201-219). (Compl., ECF No. 1.) As is the Court's standard practice in FLSA cases, the Court entered its order requiring a discovery and scheduling conference and the filing of a statement of claim of unpaid wages by the Plaintiff, as well as a response to that claim by any appearing Defendants. (Order Requiring Disc. and Sched. Conf., ECF No. 4.) The order provided the Plaintiff twenty-one days to file her statement of claim, "setting forth the amount of alleged unpaid wages, the calculation of such wages, and the nature of the wages." (ECF No. 4.) The Plaintiff filed the required statement of claim on September 15, 2022. (ECF No. 6.) After Defendant Arkhipov was served with and responded to the complaint, the Plaintiff filed a notice confirming that she had provided a copy of her statement of claim with the Defendant on November 3, 2022. (ECF No. 11.) Pursuant to the Court's Order Requiring Discovery and Scheduling Conference, Defendant Arkhipov was therefore required to file his response to the statement of claim within fourteen days of receiving the statement of claim, which would have been November 17, 2022. Defendant

Arkhipov did not file is response to the statement of claim, request an extension to do so, or otherwise communicate with the Court or the Plaintiff's counsel. (Pl.'s Not. of Noncompliance, ECF No. 17.)

Aware of Defendant Arkhipov's pro se status, the Court entered an order directing Defendant Arkhipov to complete the required response by December 19, 2022. (Order Directing Compliance with Pretrial Procedures, ECF No. 18.) In that order, the Court explained to Defendant Arkhipov what steps he needed to take to comply with the requirement to respond. The Defendant, however, again failed to respond or to communicate with the Court or counsel in any way. (Pl.'s Second Not. of Noncompliance, ECF No. 19.)

Out of an abundance of caution, and again seeking to extend Defendant Arkhipov every opportunity to correct his failures to comply based on his pro se status, the Court **again** entered an order directing the Defendant to respond, detailing how he could respond, and extending the deadline to respond to the Plaintiff's statement of claim. (Second Order Directing Compliance with Pretrial Procedure, ECF No. 20.) The Court reset the response deadline to January 13, 2023. The Court additionally warned Defendant Arkhipov that, should he again fail to comply, "the Court **will** enter sanctions against him." (*Id.* (emphasis in original).) Finally, the Court directed the Clerk to mail a copy of this order to Defendant Arkhipov to ensure that he was fully aware of the possibility of impending sanctions. (*Id.*) Unfortunately, Defendant Arkhipov yet again failed to comply with the modified deadline of January 13, 2023. (Pl.'s Third Not. of Noncompliance, ECF No. 22.) And neither the Court nor the Plaintiff's counsel has had any communication from Defendant Arkhipov as of the date of this order. (*Id.*)

## 2. Legal Standards

Federal Rule of Civil Procedure Rule 16(f), permits courts to enter sanctions for violations of scheduling or other pretrial orders: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. R. 16(f)(1). Under Rule 16(f), "district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). Rule 37(b)(2)(A)(ii)-(vii) authorizes courts to impose the following sanctions, although courts are not restricted to only these options under Rule 16(f):

> (1) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (2) the court may strike

any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (3) the court may consider the violation a contempt of court.

*Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2009 WL 10667497, at *2 (S.D. Fla. Feb. 11, 2009) (Rosenbaum, Mag. J.). Of these potential sanctions, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

### 3. Analysis

The Court finds, based on Defendant Arkhipov's repeated failures to respond to multiple court orders that provided him explicit instructions on how to respond to the Plaintiff's statement of claim, that no sanction other than striking Defendant Arkhipov's answer and entering default judgment against him would ensure compliance with its orders. *See Malautea*, 987 F.2d at 1542; *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (observing that the district court "would also have been justified in dismissing this action under Rule 16(f) . . . to punish counsel for his disregard of the court's orders to submit a preliminary statement" after affirming sanction of dismissal). While this sanction may seem severe, the Court has afforded Defendant Arkhipov multiple unrequested extensions of time to complete the required response to the Plaintiff's statement of claim. (ECF Nos. 18, 20.) The Court has reiterated its instructions regarding the required response in its orders directing compliance. (ECF Nos. 18, 20.) And the Court has clearly stated the potential consequences for failing to adhere to those orders—including, in its most recent order, stating affirmatively that "the Court **will** enter sanctions" for another failure to respond. (ECF No. 20 (emphasis in original).) Finally, the Court directed the Clerk to mail a copy of the final order to Defendant Arkhipov, to ensure he received it, due to his pro se status. (ECF Nos. 18, 20.) Despite all of these measures, Defendant Arkhipov has repeatedly failed to communicate with the Court, or the Plaintiff's counsel, **at all**. (ECF No. 22.)

### 4. Conclusion

For the reasons stated above, the Court **strikes** Defendant Arkhipov's answer and affirmative defenses to the complaint. (**ECF No. 10**.) The Court will separately enter an order providing the Plaintiff with instructions on how to proceed to obtain a Clerk's default and, ultimately, default judgment against Defendant Arkhipov now that his answer has been struck. Further, the Court

**directs** the Clerk to mail a copy of this order to Defendant Arkhipov, at the address identified below

**Done and ordered** in Miami, Florida, on January 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to:*
Alexandre Arkhipov
8028 NW 11th Ave.
Miami, FL 33150