United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Liora Samandarova, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-22787-Civ-Scola |
| | ) |
| Hookah Exotix LLC, and others, | ) |
| Defendants. | ) |

### Order on Clerk's Default Procedure

Previously, the Court has struck Defendant Alexandre Arkhipov's answer and affirmative defenses to the Plaintiff's complaint. (Order, ECF No. 24.) In order to resolve this case justly, swiftly, and economically the Court **orders** the Plaintiff to submit a *Motion for Entry of Clerk's Default* by **January 26, 2023**, consistent with Federal Rule of Civil Procedure 55(a). The motion *must* include a certificate of service indicating that the Plaintiffs sent it to the Defendant, including the address(es) it was mailed to.

Alternatively, if the Plaintiff no longer wishes to prosecute this action, or has otherwise settled the matter, the Plaintiff must immediately file a *Notice of Voluntary Dismissal* in keeping with Federal Rule of Civil Procedure 41(a)(1)(A)(i). This option is not available to FLSA Plaintiffs. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

If the Clerk enters a default and the Defendant fails to move to set aside the default, or fail to otherwise respond to this lawsuit, the Plaintiff must promptly seek a default judgment, consistent with Federal Rule of Civil Procedure 55(b). If the Plaintiff fails to timely seek a Clerk's default or a default judgment, the Court may dismiss this action, without prejudice, for failure to prosecute.

The Court directs the Clerk to **mail copies of this order** to any Defendant who has not appeared at the address(es) listed below.

**Done and ordered** in Miami, Florida on January 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to:*
Alexandre Arkhipov
8028 NW 11th Ave.
Miami, FL 33150