UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22787-SCOLA/GOODMAN

LIORA SAMANDAROVA,

    Plaintiff,

vs.

HOOKAH EXOTIX LLC,
JEAN-CHRISTOPHE PITTMAN,
AND ALEXANDRE ARKHIPOV,

    Defendants.
_____/

## PROPOSED ORDER FOR FINAL JUDGMENT

THIS CAUSE comes before the Court on Plaintiff's Motion for Entry of Final Judgment (the "Motion"). The Court has reviewed the Motion and the record and is otherwise fully advised. Pursuant to Federal Rules of Civil Procedure 55 and 58, the Court enters this separate judgment for Plaintiff. Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

    1.    Plaintiff's Motion for Entry of Final Judgment is hereby **GRANTED against Defendant Arkhipov**;

    2.    Plaintiff sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by not paying her the minimum wages she earned. *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996)). [ECF No.1].

    3.    Plaintiff served the Summons and Complaint on Defendant, Alexandre Arkhipov, on September 1, 2022 [ECF No. 8.]

4. Defendants, Hookah Exotix LLC., Jean-Christophe Pittman, and Alexandre Arkhipov, after having been served with the Complaint and Summons, failed to comply with three (3) separate Orders of this Court such that the Clerk of Courts issued a Clerks' Default against it on January 24, 2023. [ECF No. 29].

5. Specifically, this Court struck Defendant Arkhipov's Answer and Affirmative Defenses at ECF No. 10, and directed the Plaintiff to seek entry of Clerk's Default against the Defendants.

6. Appended to this Motion as Exhibit "A" is a Declaration of Indebtedness by Liora Samandarova.

7. In Exhibit "A", Ms. Samandarova declared that she is owed **$2,000.00** for office work performed, **$3,944.00** for unpaid minimum wages and **$3,060.00** in overtime wages, for a total of **$9,004.00.**

8. The Defendants also owe me **$7,004.00** in liquidated damages for the unpaid minimum and overtime wages.

9. Ms. Samandarova is owed a total amount of damages of **$16,008.00**, exclusive of attorneys' fees and costs. Exhibit A.

10. Also attached, in support of Ms. Samandarova's Declaration of Indebtedness, are text messages with the Defendants where she requested the wages owed to her. (Exhibit "B").

11. As the prevailing party in this case, Plaintiff seeks the recovery of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and Fla. Stat. §448.08, and therefore seeks an order of entitlement to recover his attorneys' fees and costs.

12. Plaintiff is serving a copy of this Motion on Defendant, Alexandre Arkhipov by U.S. Mail at the address where process was served.

WHEREFORE Plaintiff, Liora Samandarova, requests the Court to issue a Final Judgment in his favor and against Defendant, Alexandre Arkhipov, for damages, penalties, attorneys' fees and costs, and to award such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

In *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009), the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by her default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Quoting Nisheratsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *also citing Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Satisfying this standard, Plaintiff alleged facts in the Complaint that, as admitted pursuant to Defendants' default and failure to timely respond, establish that Defendants were both subject to and violated the FLSA by failing to pay his minimum wages, thereby entitling Plaintiff to recover his unpaid wages, liquidated damages, attorneys' fees and costs. To recover under the FLSA, Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (*citing* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5).)

### A. **Defendants Employed Plaintiff.**

Plaintiff alleged in the Complaint that Defendants Hookah Exotix LLC., Jean-Christophe Pittman, and Alexandre Arkhipov, employed her. [ECF No. 1].

### B. **Defendants Breached their Contract with Plaintiff**

"To plead a breach of contract claim under Florida law, a plaintiff must allege (1) a valid contract, (2) a material breach, and (3) damages." *Heyward v. Wells Fargo Bank, NA*, 2020 WL 10353829, at *2 (M.D. Fla. Oct. 6, 2020).

Plaintiff's Complaint alleges that she had a contract with the Defendants to be paid $1,000.00 a month for performing office work. [ECF No.1 at ¶¶13-18]. Plaintiff also alleged that Defendants breached the contract by not paying her the $1,000.00 a month. *Id.* at ¶26. Plaintiff has incurred damages of $2,000.00 for the two months that she performed office work but was not paid by Defendants.

### B.     **The FLSA Applies to Defendants and to Plaintiff's Work For Defendants.**

Plaintiff must also demonstrate that she is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or in the production of goods for commerce, or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir.2010) (quoting 29 U.S.C. § 203(s)(1)(A)). For individual FLSA coverage to apply, a plaintiff must show that "she was (1) engaged in commerce or (2) engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (citing 29 U.S.C. § 207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012).

In the Complaint, Plaintiff alleged that Defendants were engaged in interstate commerce and had gross revenues exceeding $500,000 per year in the course of operating a hookah lounge where goods and materials were previously placed in the stream of commerce from outside the State of Florida. [ECF No. 1 at ¶36-39]. Plaintiff, therefore, sufficiently alleged a basis for the Court to find that Defendants are subject to FLSA enterprise coverage. *Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008).

Plaintiff further alleged that her job duties were related to the movement of commerce while she worked for Defendants. [ECF No. 1 at ¶51]. Plaintiff sufficiently alleged a basis for the Court to find that she is entitled to individual FLSA coverage. *See e.g.*, *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employee "regularly using the instrumentalities of interstate commerce in her work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.") (*Citing* 29 C.F.R. §§776.23(d)(2) and §776.24 (2005).

C. **Plaintiff Performed FLSA Work For Which she Was Not Paid.**

Plaintiff does not have any time and pay records from Defendants and so based her calculations on her recollection of the dates and times worked and the pay she received for that work as indicated in her Statement of Claim. [ECF No. 6].

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that she performed work for which she was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out her burden of proof.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). Plaintiff attested to having suffered damages for unpaid minimum and overtime wages in the amount of $7,004.00. (Exhibit "A".) Plaintiff thus satisfied the requirement that she provide the Court with evidentiary support for his damages.

> Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

*Febles v. RC Painting Contractors, Inc.*, 2013 WL 12138553, at *1 (S.D. Fla. Dec. 31, 2013).

### D. **Plaintiff Is Entitled To Liquidated Damages.**

The FLSA requires the doubling of an unpaid/underpaid overtime wage award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. §260. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566-67 (11th Cir.1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir.1987). The Defendants have not and cannot meet their burden allowing the Court discretion on whether to award liquidated damages by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiff in an amount equal to his unpaid minimum wages. *See e.g.*, *Joiner*, 814 F.2d at 1539 ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.") Consequently, Plaintiff is entitled to recover an additional amount of $7,004.00 as liquidated damages from the Defendants. (Exhibit "A".)

**DONE and ORDERED** in Miami-Dade, Florida, on this _____ day of February, 2023.

                                                   _____
                                                        ROBERT N. SCOLA, JR.
                                               UNITED STATES DISTRICT JUDGE