United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Liora Samandarova, Plaintiff,<br><br>v.<br><br>Hookah Exotix LLC, and others,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 22-22787-Civ-Scola<br>)<br>)<br>) |

## Order Granting Default Judgment

This matter comes before the Court on the Plaintiff's Motion for Entry of Final Judgment (Mot., ECF No. 34.). The Court has reviewed the Motion, the record, and the relevant legal authorities, and is otherwise fully advised. Pursuant to Federal Rule of Civil Procedure 55, the Court **grants** the Motion and enters default judgment for Plaintiff. (**ECF No. 34**.)

### 1. Background

1. The Plaintiff sued the Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by not paying her the minimum wages she earned. *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996)). (ECF No.1.)

2. The Plaintiff served the Summons and Complaint on the Defendant, Alexandre Arkhipov on September 1, 2022. (ECF No. 8.)

3. The Defendant, Alexandre Arkhipov, after having been served with the Complaint and Summons, failed to comply with three (3) separate Orders of this Court such that the Clerk of Courts issued a Clerks' Default against it on January 24, 2023. (ECF Nos. 24, 29.)

4. Specifically, this Court struck Defendant Arkhipov's Answer and Affirmative Defenses and directed the Plaintiff to seek entry of Clerk's Default against the Defendants. (ECF No. 24.)

5. The Plaintiff appended to her Motion as Exhibit "A" a Declaration of Indebtedness by Liora Samandarova. (ECF No. 36-1.)

6. In her Declaration, Ms. Samandarova declared that she is owed $2,000.00 for office work performed, $3,944.00 for unpaid minimum wages and $3,060.00 in overtime wages, for a total of $9,004.00. (*Id.*)

7. The Defendant also owes the Plaintiff $7,004.00 in liquidated damages for the unpaid minimum and overtime wages. (*Id.*)

8. Ms. Samandarova is owed a total amount of damages of $16,008.00, exclusive of attorneys' fees and costs. (*Id.*)

9. Also attached, in support of Ms. Samandarova's Declaration of Indebtedness, are text messages with the Defendants where she requested the wages owed to her. (Exhibit "B," ECF No. 34-2.)

10. As the prevailing party in this case, the Plaintiff seeks the recovery of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and Fla. Stat. §448.08, and therefore seeks an order of entitlement to recover his attorneys' fees and costs.

11. The Plaintiff served a copy of the Motion on the Defendant, Alexandre Arkhipov, by U.S. Mail at the address where process was served.

## 2. Analysis

In *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* , the Eleventh Circuit Court of Appeals recognized that "[a] 'defendant, by her default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nisheratsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); also citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).

Satisfying this standard, the Plaintiff alleged facts in the Complaint that, as admitted pursuant to Defendant's default and failure to timely respond, establish that Defendant was subject to and violated the FLSA by failing to pay the Plaintiff minimum wages, thereby entitling the Plaintiff to recover his unpaid wages, liquidated damages, attorneys' fees and costs. To recover under the FLSA, the Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5).)

### A.   **The Defendants Employed the Plaintiff**

The Plaintiff alleged in the Complaint that Defendants Hookah Exotix LLC., Jean-Christophe Pittman, and Alexandre Arkhipov, employed her. (ECF No. 1.)

### B.   **The Defendants Breached their Contract with the Plaintiff**

"To plead a breach of contract claim under Florida law, a plaintiff must allege (1) a valid contract, (2) a material breach, and (3) damages." *Heyward v. Wells Fargo Bank, NA*, 2020 WL 10353829, at *2 (M.D. Fla. Oct. 6, 2020).

The Plaintiff's Complaint alleges that she had a contract with the Defendants to be paid $1,000.00 a month for performing office work. (ECF No.1 ¶¶ 13-18.) Plaintiff also alleged that the Defendants breached the contract by not paying her the $1,000.00 a month. *Id.* ¶ 26. The Plaintiff has incurred damages of $2,000.00 for the two months that she performed office work but was not paid by the Defendants.

### C.     The FLSA Applies to the Defendants and to the Plaintiff's Work for the Defendants.

The Plaintiff must also demonstrate that she is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or in the production of goods for commerce, or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E & S Landscaping Serv., Inc.,* 616 F.3d 1217, 1220 (11th Cir.2010) (quoting 29 U.S.C. § 203(s)(1)(A)). For individual FLSA coverage to apply, a plaintiff must show that "she was (1) engaged in commerce or (2) engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (citing 29 U.S.C. § 207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012).

In the Complaint, the Plaintiff alleged that the Defendants were engaged in interstate commerce and had gross revenues exceeding $500,000 per year in the course of operating a hookah lounge where goods and materials were previously placed in the stream of commerce from outside the State of Florida. (ECF No. 1 ¶ 36-39.) The Plaintiff, therefore, has sufficiently alleged a basis for the Court to find that Defendants are subject to FLSA enterprise coverage. *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008).

The Plaintiff further alleged that her job duties were related to the movement of commerce while she worked for Defendants. (ECF No. 1 ¶ 51.) The Plaintiff sufficiently alleged a basis for the Court to find that she is entitled to individual FLSA coverage. *See e.g., Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employee "regularly using the instrumentalities of interstate commerce in her work, *e.g.,*

regular and recurrent use of interstate telephone, telegraph, mails, or travel.") (*Citing* 29 C.F.R. §§776.23(d)(2) and §776.24 (2005).

### D. The Plaintiff Performed FLSA Work for Which She Was Not Paid

The Plaintiff does not have any time and pay records from Defendants, so she based her calculations on her recollection of the dates and times worked and the pay she received for that work as indicated in her Statement of Claim. (ECF No. 6.)

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that she performed work for which she was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out her burden of proof.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). The Plaintiff attested to having suffered damages for unpaid minimum and overtime wages in the amount of $7,004.00. (Decl. of L. Samandarova.) The Plaintiff thus satisfied the requirement that she provide the Court with evidentiary support for his damages.

> Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

*Febles v. RC Painting Contractors, Inc.*, 2013 WL 12138558, at *1 (S.D. Fla. Dec. 31, 2013).

### E.     The Plaintiff Is Entitled to Liquidated Damages

The FLSA requires the doubling of an unpaid or underpaid overtime wage award unless the employer can successfully show good faith pursuant to 29 U.S.C. § 260. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566-67 (11th Cir.1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir.1987). The Defendant has not and cannot meet his burden allowing the Court discretion on whether to award liquidated damages by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiff in an amount equal to her unpaid minimum wages. *See e.g.*, *Joiner*, 814 F.2d at 1539 ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.") Consequently, the Plaintiff is entitled to recover an additional amount of $7,004.00 as liquidated damages from the Defendants. (Decl. of L. Samandarova.)

### F.     Default Final Judgment

Accordingly, the Court **grants** the Plaintiff's motion for default judgment. The Court **enters judgment** in favor of the Plaintiff, Liora Samandarova, and against the Defendant, Alexandre Arkhipov, in the amount of $16,008.00, for which sum let execution issue. Interest upon this judgment amount will accrue at the applicable legal rate. The Defendant's last known address is as follows:

Alexandre Arkhipov
8028 NW 11th Ave.
Miami, FL 33150

Further, the Plaintiff is entitled to payments of her attorneys' fees and costs and shall file a separate motion for attorneys' fees and costs, identifying those fees and costs in detail, no later than **March 14, 2023**.

### 3. Conclusion

For the reasons stated above, the Court **grants** the Plaintiff's motion for entry of default judgment. (**ECF No. 34**.) The Court will separately enter final judgment pursuant to Federal Rule of Civil Procedure 58. Further, the Court **directs** the Clerk to mail a copy of this order to Defendant Arkhipov, at the

address identified below. This case shall remain **open** to address the Plaintiff's motion for attorneys' fees and costs.

    **Done and ordered** in Miami, Florida, on February 28, 2023.

                                                    _____
                                                  Robert N. Scola, Jr.
                                                  United States District Judge

*Copy via U.S. mail to:*
Alexandre Arkhipov
8028 NW 11th Ave.
Miami, FL 33150